[Cite as *Greathouse v. Dept. of Rehab. & Corr.*, 2009-Ohio-7018.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TERRANCE GREATHOUSE

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2009-03088

Judge Clark B. Weaver Sr.
Magistrate Steven A. Larson

DECISION

{¶ 1} On August 31, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Ross Correctional Institution (RCI) pursuant to R.C. 5120.16. Plaintiff alleges that Corrections Lieutenant Virgil Flannery defamed him in January 2009 by telling other inmates that plaintiff "rapes white inmates but there isn't enough evidence to formally charge" him. Plaintiff further alleges that during a security review committee meeting on March 6, 2009, Unit Manager Jonathan Pence defamed him by telling other committee members that plaintiff was "smoking crack" when he committed the crimes for which he is imprisoned. According to plaintiff, Pence subsequently made a similar statement to inmate Donovan Stevens.

**{¶ 5}** "Defamation is defined as 'the unprivileged publication of a false and defamatory matter about another * * * which tends to cause injury to a person's reputation or exposes him to public hatred, contempt, ridicule, shame or disgrace * * *.' *McCartney v. Oblates of St. Francis deSales* (1992), 80 Ohio App.3d 345, 353. As suggested by the definition, a publication of statements, even where they may be false and defamatory, does not rise to the level of actionable defamation unless the publication is also unprivileged. Thus, the threshold issue in such cases is whether the statements at issue were privileged or unprivileged publications." *Sullivan v. Ohio Dept. of Rehab.& Corr.*, Ct. of Cl. No. 2003-02161, 2005-Ohio-2122, ¶8.

**{¶ 6}** Privileged statements are those that are "made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 244.

**{¶ 7}** Furthermore, a qualified privilege can be defeated only by clear and convincing evidence of actual malice. *Bartlett v. Daniel Drake Mem. Hosp.* (1991), 75

Ohio App.3d 334, 340. "Actual malice" is "acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity." *Jacobs v. Frank* (1991), 60 Ohio St.3d. 111, 116.

{¶ 8} In support of its motion, defendant provided the affidavits of Flannery, Pence, Stevens, RCI Secretary Denise Parker, and RCI North Unit Manager Matthew Stuntebeck, and a transcript of plaintiff's deposition testimony.

{¶ 9} With regard to the allegation that Flannery told other inmates that plaintiff "rapes white inmates," Flannery states in his affidavit that on January 17, 2009, at approximately 2:30 a.m., he woke plaintiff and "escorted him out of his cell and into a small TV room and closed the door." Flannery states that he then informed plaintiff that he "had received a kite from an unidentified inmate stating that [plaintiff] was pressing inmates for sex." According to Flannery, he did not inform other inmates of the accusation and the only other individual present during his conversation with plaintiff was a corrections officer.

{¶ 10} With regard to the March 6, 2009 incident, Parker, Pence, and Stuntebeck state in their affidavits that, on that day, the three of them comprised a security review committee which was responsible for assessing inmates' security levels based upon their sentences, criminal histories, programs completed in prison, and other factors. Parker states that during plaintiff's appearance before the committee, she asked him why his sentence appeared to be rather lengthy relative to the crimes that he was convicted of. Pence states that when plaintiff declined to answer this question, he announced that according to plaintiff's institutional file, plaintiff had previously told defendant during a Sex Offender Risk Reduction Center assessment that he was "high on crack" when he committed the crimes. Pence states that he asked plaintiff to confirm this information, but that plaintiff would not respond. According to Pence, his statements regarding plaintiff's drug use were relevant for the committee to understand plaintiff's sentence and to assess his security level. As to the alleged discussion between Pence and Stevens, both state that they never discussed plaintiff's alleged drug use with one another.

{¶ 11} As stated above, plaintiff did not file a response to defendant's motion, nor did he provide the court with any affidavit or other permissible evidence to support his allegations.

{¶ 12} Civ.R. 56(E) provides in part:

{¶ 13} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 14} Based upon the uncontested affidavit testimony of Flannery, Parker, Pence, Stevens, and Stuntebeck, the only reasonable conclusions to draw are that Flannery did not tell other inmates that plaintiff had been accused of sexual misconduct, that Pence's statements during the security review committee meeting are protected by a qualified privilege, and that Pence did not speak with Stevens about plaintiff's alleged drug use.

{¶ 15} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TERRANCE GREATHOUSE

Plaintiff

v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant
Case No. 2009-03088

Judge Clark B. Weaver Sr.
Magistrate Steven A. Larson

JUDGMENT ENTRY

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Terrance Greathouse, #516-781
P.O. Box 7010
Chillicothe, Ohio 45601

RCV/cmd
Filed November 6, 2009
To S.C. reporter December 29, 2009